Green, J.
delivered the opinion of the court.
The motion in this case was properly made. The act of 1777, ch. 8, sec. 5, was intended to apply to executions as well as original writs; it says “writ and other process.” This language includes every description of process which by law could come into the hands of the sheriff to he executed.
The return intended is not simply bringing the paper into court, and delivering it into the hands of the clerk. The act says he shall “execute all process,” &c. “and make due return thereof.” “Due return” means the bringing the process into court, with such indorsements on it as the law requires him to make. Whether the in-dorsement be true or false, if it be such an one as the law requires, it is a true return. But it is not a “due return,” if the indorsement be such as is not authorized by law, whether it be true or false. The indorsement on this execution, “no money made,” is not authorized by law. If property could be found, it was the duty of the sheriff to levy the execution, and make the money, and so to indorse the fact. If he could find nothing whereon to levy, that fact should have been indorsed.— But he says he has not made the money, without saying wherefore.
But the judgment of the county court must be reversed, because the judgment nisi, instead of being rendered up in form, merely refers to the act of assembly on which it is founded. The record is, that the plaintiff ‘¿recover against the said John Harman, sheriff, &c. according to the provisions of the act of assembly in such case made and provided,” &c. A judgment must express with certainty and precision, the determination of the court. This is vague and uncertain. A judgment in *330 any other case, that the party recover according to law? would be just as good.
This cause must be remanded to the county court of Madison, there to have a proper judgment nisi rendered, and proceeded on.
Judgment reversed.